Filed 10/23/20  P. v. Cox CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091095 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F05645) |
| v. | |
| WILLIAM BOYD COX, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Boyd Cox asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order.

1

I

In 2001, a jury convicted defendant of attempted murder (Pen. Code, §§ 664, 187),[1] carjacking (§ 215, subd. (a)), kidnapping during the commission of a carjacking (§ 209.5, subd. (a)), and first degree robbery (§ 211). The jury also found true allegations that defendant personally used a knife in the commission of the attempted murder (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). (*People v. Cox* (Sept. 26, 2005, C048037) [nonpub. opn.].) The trial court sentenced defendant to an indeterminate term of life with the possibility of parole, plus a determinate term of 11 years. Among other things, the trial court ordered defendant to pay $17,000 in victim restitution. (§ 1202.4, subd. (f).) In an unpublished opinion, this court reversed defendant's carjacking conviction as a necessarily included offense to kidnapping during the commission of a carjacking, and otherwise affirmed the judgment. (*Cox, supra*, C048037.)

Defendant filed numerous subsequent motions challenging the trial court's order for victim restitution. He now appeals from the trial court's November 6, 2019 denial of the last of those motions. The trial court ruled the latest motion presented no new facts, law, or reason to set aside the trial court's previous orders. The record indicates defendant did not object to the restitution award when it was originally imposed or challenge it in his prior appeal to this court.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of

---

[1] Undesignated statutory references are to the Penal Code.

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court order is affirmed.

_____/S/_____

MAURO, J.

We concur:

_____/S/_____

BLEASE, Acting P. J.

_____/S/_____

DUARTE, J.